UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINO DE LA ROSA, et al., <br>     Plaintiffs, <br>     v. <br> JRA ELECTRICAL ENGINEERS, INC., et al., <br>     Defendants. | Case No. 17-cv-04610-WHO <br><br> **ORDER GRANTING MOTION TO REMAND AND AWARDING FEES** <br><br> Re: Dkt. No. 12 |

Plaintiffs seek to remand this case to state court on the ground that federal question removal on August 10, 2017 was untimely under 28 U.S.C. § 1446. They also seek an award of fees incurred in connection with seeking remand under 28 U.S.C. § 1447(c), as defendants' removal was unreasonable. Dkt. No. 12-1.

Defendants do not contest remand, but do object to an award of fees. They contend that removal was reasonable given defense counsel's understanding that service on the individual defendant – Paul Michael Jeffrey – was defective and did not occur at the same time as service on the corporate defendant, JRA Electrical Engineers. Dkt. No. 13. Defense counsel based his belief about deficiencies in and timing of service on defendant Jeffrey upon conversations he had with the JRA Electrical Engineers office manager, who recalled that service on Jeffrey was by mail only. Dkt. No. 14, ¶¶ 3-4.[1] Defendants submitted no declaration from the officer manager or from defendant Jeffrey himself to show that a dispute of fact regarding service exists.

On the other hand, plaintiffs submitted a declaration from the process server who asserts under penalty of perjury that she served Jeffrey, an individual known to her, in person on June 6,

---

[1] The October 11, 2017 hearing on the motion to remand is VACATED pursuant to Civil L.R. 7-1(b).

2017. Declaration of Linda A. Ghiringhelli [Dkt. No. 12-2], ¶¶ 2, 6. That required removal within thirty days. Defendants took 65 days.

Plaintiffs also note that, prior to defendants' removal, they served defense counsel with the electronic versions of the proofs of service showing personal service on Jeffrey and on JRA Electrical occurring on June 6th, and that they repeatedly advised defense counsel that they would move to remand and seek fees if the case was removed. They even repeatedly offered to waive fees if defendants stipulated to remand *after* defendants filed the notice of removal. Defendants refused each of those offers. Declaration of Sean Bothamley [Dkt. No. 12-3] ¶¶ 3, 6.

A court order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally speaking, such an order is proper where removal is "sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 140-41 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id*.

Under these circumstances, defendants' removal and subsequent refusal to stipulate to remand was unreasonable, justifying an award of fees. Plaintiffs seek an award of $1,888.00 for 6.4 hours of attorney time to prepare the motion to remand and supporting declarations, and estimate 3 hours for preparing the reply and attending the hearing. However, since the reply brief was less than three pages long and there will be no hearing on this matter, I find that an award of $1,888.00 is justified and appropriate.

This case is REMANDED to the Superior Court of Napa County. Defendants shall pay an award of $1,888.00 in attorneys' fees to plaintiffs due to the unreasonable removal.

**IT IS SO ORDERED.**

Dated: September 28, 2017

William H. Orrick
United States District Judge